UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

| | |
|---|---|
| GUILLERMO RODRIGUEZ PUIG and all others similarly situated under 29 U.S.C. 216(b), | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| EL IMPERIO DEL COMPRESOR, INC, GERAD RONDON, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiff, GUILLERMO RODRIGUEZ PUIG, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, EL IMPERIO DEL COMPRESOR, INC, and GERAD RONDON, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant, EL IMPERIO DEL COMPRESOR, INC, is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was Plaintiff's FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant, GERAD RONDON, is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant

**1** of **6**

time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff (i.e. many differing employees, at least 16, who worked in differing roles including but not limited to an accountant helper, packers, washers, and mechanics) who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff worked for Defendants as a turner mechanic who worked on rebuilt compressors for cars from on or about July 13, 2017 through on or about February 22, 2019.

10. Plaintiff's duties included but were not limited to being a machine operator. As a turner

mechanic, Plaintiff's job duties required Plaintiff to use goods and materials such as gloves, eye protectors, ear protectors, and special knives to cut iron, and blades.

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods included, but were not limited to gloves, eye protectors, ear protectors, and special knives to cut iron, and blades, that Plaintiff used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while Plaintiff worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period such as many differing employees, at least 16, who worked in differing roles including but not limited to an accountant helper, packers, washers, and mechanics who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, such as gloves, eye protectors, ear protectors, and special knives to cut iron, and blades, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2016, 2017, and 2018.

14. Upon information and belief, the Defendant Corporations' gross sales or business is expected

to exceed $500,000 for the year 2019.

15. Between the period of on or about July 13, 2017 through on or about September 30, 2017, Plaintiff worked an average of 64 hours a week for Defendants and was paid an average of $12.00 per hour. Plaintiff was not paid the half-time rate for 6 of the hours worked over 40 as required by the Fair Labor Standards Act. Plaintiff therefore claims the half-time rate for 6 hours worked above 40 in a week. Plaintiff was not paid time-and-a-half for 18 of the remaining hours worked over 40 as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half rate for 18 hours worked above 40 in a week.

16. Between the period of on or about October 1, 2017 through on or about December 31, 2017, Plaintiff worked an average of 60 hours a week for Defendants and was paid an average of $12.00 per hour. Plaintiff was not paid the half-time rate for 6 of the hours worked over 40 as required by the Fair Labor Standards Act. Plaintiff therefore claims the half-time rate for 6 hours worked above 40 in a week. Plaintiff was not paid time-and-a-half for 14 of the remaining hours worked over 40 as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half rate for 14 hours worked above 40 in a week.

17. Between the period of on or about January 1, 2018 through on or about May 4, 2018, Plaintiff worked an average of 64 hours a week for Defendants and was paid an average of $12.00 per hour. Plaintiff was not paid the half-time rate for 6 of the hours worked over 40 as required by the Fair Labor Standards Act. Plaintiff therefore claims the half-time rate for 6 hours worked above 40 in a week. Plaintiff was not paid time-and-a-half for 18 of the remaining hours worked over 40 as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half rate for 18 hours worked above 40 in a week.

18. Between the period of on or about May 5, 2018 through on or about September 30, 2018,

Plaintiff worked an average of 64 hours a week for Defendants and was paid an average of $14.00 per hour. Plaintiff was not paid the half-time rate for 6 of the hours worked over 40 as required by the Fair Labor Standards Act. Plaintiff therefore claims the half-time rate for 6 hours worked above 40 in a week. Plaintiff was not paid time-and-a-half for 18 of the remaining hours worked over 40 as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half rate for 18 hours worked above 40 in a week.

19. Between the period of on or about October 1, 2018 through on or about December 31, 2018, Plaintiff worked an average of 60 hours a week for Defendants and was paid an average of $14.00 per hour. Plaintiff was not paid the half-time rate for 6 of the hours worked over 40 as required by the Fair Labor Standards Act. Plaintiff therefore claims the half-time rate for 6 hours worked above 40 in a week. Plaintiff was not paid time-and-a-half for 14 of the remaining hours worked over 40 as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half rate for 14 hours worked above 40 in a week.

20. Between the period of on or about January 1, 2019 through on or about February 22, 2019, Plaintiff worked an average of 64 hours a week for Defendants and was paid an average of $14.00 per hour. Plaintiff was not paid the half-time rate for 6 of the hours worked over 40 as required by the Fair Labor Standards Act. Plaintiff therefore claims the half-time rate for 6 hours worked above 40 in a week. Plaintiff was not paid time-and-a-half for 18 of the remaining hours worked over 40 as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half rate for 18 hours worked above 40 in a week.

21. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll

practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

                    Respectfully Submitted,

                    J.H. Zidell, Esq.
                    J.H. Zidell, P.A.
                    Attorney For Plaintiff
                    300 71st Street, Suite 605
                    Miami Beach, Florida 33141
                    Tel: (305) 865-6766
                    Fax: (305) 865-7167

                    By:__/s/ J.H. Zidell_____
                        J.H. Zidell, Esq.
                      Florida Bar Number: 0010121