UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:19-cv-20738-JLK

GUILLERMO RODRIGUEZ PUIG, JOEL
JOSE SANABRIA RENGIFO, PEDRO
ERNESTO GONZALEZ LATA, ORANDY GONZALEZ
and all others similarly situated
under 29 U.S.C. § 216(b),

  Plaintiffs,

v.

EL IMPERIO DEL COMPRESOR, INC and
GERAD RONDON,

  Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE is before the Court on Plaintiffs' Motion for Partial Summary Judgment (the "Motion") (DE 42), filed on May 28, 2020. The Court has also considered Plaintiffs' Statement of Material Facts (DE 43), filed on the same day. Defendants failed to respond, and the time to do so has passed. [1]

### I. BACKGROUND

On February 25, 2019, Plaintiffs filed the above-styled action for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). *See* Compl., DE 1. Plaintiffs now move to establish as a matter of law that (a) Plaintiff Joel Jose Sanabria Rengifo is not an "exempt employee" under

---

[1] Because Defendants failed to submit any opposing statement of facts controverting the facts set forth in Defendant's Statement of Material Facts (DE 43), those facts are deemed admitted for purposes of summary judgment. *See* S.D. Fla. L.R. 56.1.

the FLSA, and (b) Defendants are liable to Plaintiffs for failure to pay overtime wages under the FLSA. *See generally* Mot.

## II. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine dispute" means "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). In opposing summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 250. "If a party fails to properly support or address another party's assertion of fact in a motion for summary judgment, the court may 'consider the fact undisputed for purposes of the motion' or 'grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it.'" *Urdaneta v. Wells Fargo Bank N.A.*, 734 F. App'x 701, 704 (11th Cir. 2018) (quoting Fed. R. Civ. P. 56(e)(2), (3)).

## III. DISCUSSION

The Fair Labor Standards Act requires employers to provide overtime compensation at the rate of "time and a half" to employees for all hours worked beyond forty hours in a given week. 29 U.S.C. § 207(a)(1). However, these protections do not apply to an employee "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. §213(a)(1). Here, Plaintiffs move to establish that Defendants have waived their ability to invoke these exemptions by failing to plead (or otherwise argue) their applicability in this action. *See* Mot. at 3–12. The Court agrees. Indeed, these defenses have been waived because Defendants failed to assert as much in their (operative) Answer to Plaintiffs' Second Amended Complaint (among other pleadings). *See* DE 33. Thus, the

executive/administrative exemptions are inapplicable in this action. *Diaz v. Jaguar Rest. Group, LLC*, 627 F.3d 1212 (11th Cir. 2010); *see also Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1239 (11th Cir. 2010) ("Failure to plead an affirmative defense generally results in a waiver of that defense.").

Plaintiffs also move to establish as a matter of law that Defendants are liable for overtime wage violations. *See* Mot. at 12–17. In support, Plaintiffs cite to the deposition of the corporate representative for Defendant El Imperio Del Compresor, who testified that "[the employees] were totally informed that in the case that overtime was worked they are going to receive a rate, *which was the same as the amount per their hours*." Dep. of Corp. Rep. at 64, DE 42-2 (emphasis added). Plaintiffs also cite to their affidavits, wherein they attest they worked overtime on certain weeks but were not paid at a higher rate for such work. *See* DE 42-4, 42-5, 42-6 and 42-7. In short, Plaintiffs have submitted ample evidence demonstrating they worked more than forty hours on certain weeks during their employment with Defendants, and that Plaintiffs were not compensated at the "time and a half" rate required by the FLSA. Plaintiffs have therefore met their burden under *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946). [2]

---

[2] To establish an overtime claim under the FLSA, an employee "has the burden of proving that he performed work for which he was not properly compensated." *Anderson*, 328 U.S. at 687. "When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records." *Id.* But where, as here, "the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* If the employee satisfies this burden, "[t]he burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687–88.

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Plaintiffs' Motion for Partial Summary Judgment **(DE 42)** be, and the same hereby is, **GRANTED**. Summary judgment **as to liability** is hereby **ENTERED** in favor of Plaintiffs (Guillermo Rodriguez Puig, Joel Jose Sanabria Rengifo, Pedro Ernesto Gonzalez Lata, and Orandy Gonzalez) and against Defendants (Gerad Rondon and El Imperio Del Compresor, Inc.).

It is further **ORDERED and ADJUDGED** that Plaintiffs are not subject to any exemptions under the FLSA for purposes of this action.

It is further **ORDERED and ADJUDGED** that the parties shall attend the Court's scheduled Pretrial Conference, currently set for July 10, 2020 via Zoom.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 25th day of June, 2020.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record