UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-20738-JB

GUILLERMO RODRIGUEZ PUIG, JOEL          )
JOSE SANABRIA RENGIFO, PEDRO            )
ERNESTO GONZALEZ LATA, ORANDY           )
GONZALEZ and all others similarly situated )
under 29 U.S.C. 216(b),                 )
                                        )
                                        )
            Plaintiffs,                 )
                                        )
                                        )
vs.                                     )
                                        )
EL IMPERIO DEL COMPRESOR, INC,          )
GERAD RONDON,                           )
                                        )
            Defendants.                 )
_____ )

**PLAINTIFFS' VERIFIED MOTION FOR ATTORNEYS' FEES AND COSTS AGAINST
DEFENDANTS, JOINTLY AND SEVERALLY**

        COME NOW the Plaintiffs, by and through the undersigned, and file the above-described

Motion, and in support thereof, state as follows:

        1.      The most recent setting for the jury trial of this matter was for March 21, 2022. The

Parties voluntarily mediated this on February 18, 2022, which resulted in a settlement of all

claims. As part of the settlement, the Defendants agreed to entitlement to Plaintiffs' attorney fees

and costs, with the Court to determine the amount of the same. See settlement agreement DE 87-

1 at ¶ 2 and ¶ 4.

        2.      There were no accurate time records maintained by the Defendants for the Plaintiffs'

work which occurred over a period of 2017 to 2019.

        3.      There are (4) Spanish speaking Plaintiffs in this case with a Spanish speaking

individual Defendant and corporate representative which required interpreters during certain

proceedings detailed herein. Since there were no accurate time records, much of the evidence consisted of text messages between the Parties and other documents to reconstrue the weekly hours worked by the Plaintiffs with as much accuracy as allowed under the circumstances. The Plaintiffs' hourly rates were disputed in this case as well.

4. During the pendency of this case, the Corporate Defendant ceased its Florida operations and continued operating a similar business under a different name in California. The individual Defendant lives in California as well. This case was not desirable especially on a contingent fee basis and otherwise precluded the undersigned from attending to other cases to the extent reflected in the ledger.

5. The evidence showed that the Plaintiffs were compensated at a regular rate for all hours –regular and overtime—throughout their respective employment periods with the Defendants. The Defendants' Answer to the Second Amended Complaint at DE 33 and Response to the Statement of Claim at DE 14 did not, however, concede liability. Depositions and written discovery ensued and Plaintiffs filed their Motion for Summary Judgment on May 28, 2020 at DE 42, which was granted on June 25, 2022. *See* DE 44.

6. Moreover, each Plaintiff is to receive an amount representing *more* than what the *time-related* documents show that they are owed for overtime and liquidated damages. The results obtained for the Plaintiffs here are exceptional which the Court should consider as an important factor in deciding a reasonable attorney's fee award for the Plaintiffs as discussed below.

7. No offers of judgment were served by the Defendants herein and no amount of overtime was paid to the Plaintiffs prior to the settlement of their claims even though the summary judgment order determined that overtime was owed.

8.     The undersigned Firm entered into *contingent fee* contracts with the (4) Plaintiffs and has not been compensated any amount of money directly from the Plaintiffs as of the filing of this motion; nor is there an expectation to receive any money from Plaintiff's in the future.

9.     Plaintiff respectfully seeks attorneys' fees in the amount of $87,889.50 and costs in the amount of $5,188.30[1] as set forth *infra*.

## MEMORANDUM OF LAW

### Plaintiffs' Request for Attorneys' Fees

In calculating a reasonable attorneys' fee award, the court should consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services. *See, Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983); *Loranger v. Stierheim*, 10 F.3d 776 (11th Cir. 1994). These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar." Under certain circumstances, the lodestar *may* be adjusted in order to reach a more appropriate attorney's fee. *See Blum v. Stenson*, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544 (1984). In determining appropriate fees, the court is guided by the 12 factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), and approved in *Blanchard v. Bergeron*, 489 U.S. 87, 91-92, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of

---

[1] As part of the settlement agreement, the Defendants have agreed to pay the entire cost of mediation which is not otherwise a recoverable cost under §1928.

the case; (11) the nature and length of the   professional relationship with the client; and (12) awards in similar cases. The extent of a plaintiff's success is an important factor in determining the proper amount of an award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). The Southern District of Florida has held that when Plaintiff obtained excellent results the Court found that his attorneys should recover a fully compensatory fee. *Bacon v. Stiefel Labs., Inc.*, 11-20489-CIV, 2014 WL 4825279, at *6 (S.D. Fla. Sept. 25, 2014). "the level of a plaintiff's success is relevant to the amount of fees to be awarded." *Hensley,* 461 U.S. at 430. This Court abides by that admonition. *Bacon v. Stiefel Labs., Inc.*, 11-20489-CIV, 2014 WL 4825279, at *5 (S.D. Fla. Sept. 25, 2014). Plaintiffs achieved a significant recovery as discussed above and should be awarded a fully compensatory fee accordingly. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. See *Davis v. County of Los Angeles,* 8 E.P.D. ¶ 9444, at 5049 (CD Cal.1974). Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 1940, 76 L. Ed. 2d 40 (1983)

The Plaintiffs rely on the Court's own expertise to establish a reasonable fee and cost award in this case. *Norman v. Housing Auth. Of City of Montgomery*, 836 F.2d 1292 (11th Cir.

1988).[2] Furthermore "[t]he court is deemed an expert on the issue of hourly rate and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger*, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303)." *Tyler v. Westway Auto. Serv. Ctr., Inc.*, 2005 U.S. Dist. LEXIS 45771, 8-9 (S.D. Fla. Mar. 9, 2005).

Plaintiffs' Counsel seeks attorneys' fees for J.H. Zidell, Esq., Paxton Marshall and Natalie Staroschak, Esq.[3] J.H. Zidell, Esq., is licensed to practice law in the State of Florida (1994) and Texas since (2010) and the United States District Court for the Southern District of Florida, the 11th Circuit Court of Appeals, U.S. District Court for the Northern District of Texas and the 5th Circuit Court of Appeals and has tried cases, by jury,  for numerous FLSA clients predominantly in Florida and some in Texas as well and his Firm has been primarily handling FLSA cases, similar to the instant lawsuit, for approximately 23 years. J.H. Zidell, Esq., has multiple published and unpublished Eleventh Circuit and Fifth Circuit Appellate decisions on various cases primarily related to the handling of FLSA cases. Attorney Paxton Marshall, Esq. is licensed to practice law in the State of Florida since 2006 and had been handling FLSA cases of this nature for approximately a year and a half while working on this case. Attorney Natalie Staroschak, Esq. had been handling FLSA cases of this nature for approximately three years

---

[2] "In *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292 (11[th]Cir.1988), we discussed the standards that apply to determine hourly rates and hours expended. We defined a reasonable hourly rate as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citations omitted). To determine reasonable hours expended, we explained a district court could use its discretion to exclude "excessive or unnecessary work on given tasks."" *Norman*, 836 F.2d at 1301. *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. Ga. 1997).
[3] Ms. Starochak and Paxton Marshall were associates at the undersigned's Firm for part of the pendency of this case. Other Associates (David Nudel and Lisa Kuhlman) appear in the attached fee ledger; however, their time has ***not*** been charged in conjunction with this case using billing judgment.

while working on this case. Lisa Novick has been a paralegal in excess of approximately fifteen (15) years and has been at the undersigned Firm in the capacity as paralegal since on or about January 2017.

Based on the credentials of each attorney, including the amount of time each attorney and been in practice, particularly in the area of labor and employment law, the Court should find the hourly rates to be reasonable. *See, Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (1 1th Cir. 1988) (noting that the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees"). J.H. Zidell's hourly rate claimed in this case is $425/hr[4]. (see *Toledo v. Vioss Vision, Inc.*, No. 18-20309-CIV, 2019 WL 5689246 (S.D. Fla. Oct. 31, 2019- finding $425/hr. reasonable for an FLSA attorney practicing since 1999[5] predominantly dedicated to employment law cases. Also see *Garcia OReilly v. The Art of Freedom, Inc.*, S.D. Fla. Case No.: 17-CV-21251-WILLIAMS/LOUIS- recommending $425/hr. for labor counsel licensed in 1999)  The most semi-recent fee orders which found the attorney rates requested in this fee motion to be reasonable as to JH Zidell  are *Mendez et.al. v. Integrated Tech Group, LLC.* Case 18-22059 CIV-LOUIS at DE253 ORDER DATED 11.20/20 and *Edel Leon et.al. v. M.I. Quality Lawn Maintenance , Inc.* et.al., 10-cv-20506-BECERRA ( DE 428 dated 03/31/2020, finding $390/hr.[6] rate reasonable for JH Zidell as of the date of those orders;   In another semi-recent fee order, $390 for JH Zidell;   $350/hr. for

---

[4] Due to the *Covid Pandemic*, litigation and jury trials have been hampered to a large extent for about two years which, in turn, has significantly decreased fee motions and orders on the same from being filed since the cases cited herein—which explains the gap between the 2020 fee orders and the current date.

[5] Mr. Zidell has been licensed since 1994.

[6] In the *Leon* case, the lion's share of the undersigned's time was incurred several years before Judge Becerra determined $390/hr. to be a reasonable hourly rate in her March 2020 order on fees in that case. The undersigned's rate of $425/hr. charged in the attached ledger should be determined to be reasonable for the entry of billing in this case.

Paxton Marshall, Esq. and $285/hr. for Natalie Starochak, Esq. were found to be reasonable hourly FLSA rates. See *Celso Acosta v. Pajeoly Corp. et.al.*, Case 1:18-cv-23399-RNS Document 163 Entered on FLSD Docket 01/10/2020. This Court (S.D. Fla.) has found the aforementioned attorneys' hourly rates for these attorneys in FLSA cases, based on the experience each of the Plaintiff's attorneys has in this area of the law, to be reasonable and awarded said fees. *See Flores v. Wheels America Miami, Inc., et al.*, Case No.: 13-21672-CIV-GOODMAN;*See also Perez et al. v. Anastasia M. Garcia, P.A., et al.*, Case No.: 15-20615-CIV-O'SULLIVAN; *See also, Marengo, et al. v. Doorman's Private Ride Service, Inc., et al.*, Case No.: 15-22758-CIV-OTAZO-REYES [CONSENT CASE] [DE133]; *See also,* Magistrate Judge Turnoff's Order of March 25th, 2010 finding the undersigned firm's slightly lower rates over approximately (10) years ago to be reasonable in the case of *Reis v. Thierry's Inc. et.al.*, Case 08-20992-CIV-Turnoff [DE 110]; *See also, Silva v. Miller,* 547 F. Supp. 2d 1299, 2008 U.S. Dist. LEXIS 32660 (S.D. Fla., 2008) regarding Judge Seitz's determined approximately (14) years ago regarding rates awarded to J.H. Zidell, Esq. *Ms. Lisa Novick, the legal assistant/paralegal who worked on this case and who was crucial to the orderly litigation of this case is billed out at $125.00/hr.* "With regard to the activities performed by the paralegals, the general rule is that where the work performed is that normally performed by an attorney, paralegal time may be included as part of an attorney's fee award. *See Missouri v. Jenkins*, 491 U.S. 274, 285 (1989)(district court did not err by compensating the plaintiffs for the work of law clerks and paralegals at market rates, rather than at their cost to the attorney); *Jean v. Nelson*, 863 F.2d 759, 778-80 (11th Cir. 1988)(time spent by paralegals and law clerks could be reimbursed to the extent that the work was normally done by an attorney). However, work that is primarily clerical in nature is not reimbursable. *See Knight v. Paul & Ron Enterprises, Inc.*, 2015 WL 2401504, at

*8 (M.D. Fla. May 19, 2015)(work that is clerical or secretarial in nature is not recoverable). *See also Spegon v. Catholic Bishop of Chicago,* 175 F.3d 544, 553 (7th Cir. 1999) ("The relevant inquiry for requested paralegal fees is whether the work was sufficiently complex to justify the efforts of a paralegal, as opposed to an employee at the next rung lower on the pay-scale ladder.")(citation omitted). Cited by *Brown Jordan Int'l, Inc. v. Carmicle*, No. 14-60629-CV, 2017 WL 5633312, at *1 (S.D. Fla. Aug. 7, 2017), report and recommendation adopted, No. 0:14-CV-60629, 2017 WL 5632811 (S.D. Fla. Aug. 22, 2017 and finding $125/hr. appropriate for a paralegal's fee) *See HPC US Fund 1, L.P. v. Wood*, 2016 WL 7636373, at *2 (S.D. Fla. Apr. 22, 2016)( finding $125/hr. for a paralegal's hourly rate appropriate).

The fees sought herein, through April 26, 2022, regarding Plaintiffs' claims amount to $87,889.50[7] as reflected in Plaintiffs' Fee Ledger attached hereto as *Exhibit A*. The undersigned has reviewed all of the attorneys' fee data referenced herein in good faith, and this motion is well grounded in fact.

In the fee ledger herein the following initials refer to the following attorneys or paralegal and their rates per hour:

| Attorney | Initials On Billing Records | Hourly Rates | Total Hours Worked On The Case | Total Fees: |
|---|---|---|---|---|
| J.H. Zidell | JZ | $425/hr | 157.40 | $66,895.00 |
| Paxton Marshall | PM | $350/hr | 5.6 | $1,960.00 |

---

[7] This amount does not include the time reviewing Defendants' response hereto, drafting a reply, hearing prep and attendance if the Court requires the same. Supplemental ledger(s) will be submitted accordingly.

| Natalie Staroschak | NS | $285/hr | 30.7 | $8,749.50 |
|---|---|---|---|---|
| | | $300/hr | 19.9 | $5,970.00 |
| Lisa Novick (Paralegal) | LN | $125/hr | 34.60 | $4,325.00 |
| Total | | | 248 | $87,899.50 |

A "[defendant] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 956 (E.D. Wis. 2003) (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 580-581, n. 11, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986)).

The conferral process was complied with under the local rules before this Motion was filed. Plaintiff refers to the below Certificate of Conferral regarding same.

As stated, the Eleventh Circuit has gone so far to hold that "fees on fees" are compensable *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1301 (11th Cir. 2010). *See also,* Judge Simonton's Order in *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1318 (S.D. Fla. 2009) awarding fees to party for filing a motion for fees.

The costs sought herein regarding Plaintiff's claims amount to $5,188.30. Plaintiff attaches invoices in support of same. *See attached Exhibit B.* Plaintiff seeks all costs set forth under 28 U.S.C. Section 1920[8] in the amount of $5,188.30 as they were all reasonably necessary to prosecute the *four* Plaintiffs' claims.

---

[8] The mediation fee is an agreed cost in the settlement agreement between the Parties.

### CERTIFICATE OF GOOD FAITH CONFERRAL PURSUANT TO S.D.L.R. 7.3

On April 19, 2022 Plaintiffs' Counsel provided Defendant's counsel with a copy of this motion and have conferred on same but were unable to resolve the relief requested herein.

WHEREFORE, PLAINTIFFS RESPECTFULLY REQUEST THAT THE COURT AWARD THE FEES CLAIMED HEREIN IN THE AMOUNT OF $87,889.50 AND COSTS IN THE AMOUNT OF $5,188.30, FOR A TOTAL AMOUNT OF $93,087.80, AGAINST DEFENDANTS JOINTLY AND SEVERALLY PURSUANT TO 29 USC §216(B) AND LOCAL RULE 7.3 FOR THE REASONS STATED ABOVE.

ON 4/22/__ ZIDELL APPEARED AND WHO IS PERSONALLY KNOWN TO ME AND AFFIRMED THAT THE CONTENTS AND ATTACHMENTS TO THIS FEE MOTION ARE CORRECT.

_____
NOTARY PUBLIC/STAMP

ROGELIO BALUJA
Notary Public - State of Florida
Commission # GG 339729
My Comm. Expires Jul 1, 2023
Bonded through National Notary Assn.

Respectfully submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street, Suite 605
Tel: (305) 365-6766
Email: Zabogado@aol.com

By:__/s/ J.H. Zidell _____
    J.H. Zidell, Esq.
Florida Bar Number: 10121

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS
SENT VIA CM/ECF ON 4/27/2022 TO:

REINER AND REINER, P.A.
Samuel Barclay Reiner, Esq.
9100 SOUTH DADELAND BLVD.
SUITE 901
MIAMI, FL 33156
3056708282
EMAIL: sbr@reinerslaw.com
*COUNSEL FOR DEFENDANTS*

By:__/s/ J.H. Zidell_____
J.H. Zidell, Esq.